UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 528 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| VILLAGE OF ARLINGTON HEIGHTS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM OPINION AND ORDER**

Defendants move to dismiss the suit under Civil Rule 12(b)(6). The complaint, whose well-pleaded allegations must be accepted as true, alleges the following facts. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 290-91 (7th Cir. 2018) ("Because we are [considering] a dismissal under Rule 12(b)(6), we treat the allegations contained in the … complaint as true. That does not mean, however, that we vouch for their accuracy. It means only that at this stage in the case, [the plaintiff] is entitled to have every factual inference drawn in [his] favor."). On August 14, 2015, Arlington Heights police officers arrested Michael Anthony Spencer at a hotel for allegedly soliciting prostitution from women who, in fact, were undercover police officers. Doc. 10 at pp. 5-6; Doc. 22 at 3. The arresting officers assaulted Spencer, tackled him, and pinned him down even though he posed no threat and was merely sitting down. Doc. 10 at pp. 5-7. Spencer had not discussed sexual intercourse with the undercover female officers. *Id*. at p. 6. Based on a complaint approved by the arresting officers, Spencer was charged with offering $80 for sexual intercourse. *Ibid*. In addition, other officers searched and seized Spencer's vehicle even though it was not located at or part of the crime scene. *Ibid*. Spencer was held at the municipal jail for seven hours, and then released upon payment of a $150 bond. *Ibid*. The

1

criminal charges against Spencer were dismissed on January 25, 2016. *Id*. at p. 7; Doc. 22 at 4. Spencer filed this suit on January 23, 2018, alleging various claims under 42 U.S.C. § 1983. Doc. 1.

Count 1 of the complaint alleges that the officers had no proper factual basis to initiate the prosecution of Spencer for soliciting prostitution. Doc. 10 at pp. 5-6. There is no malicious prosecution claim under the federal constitution. *See Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019) ("[T]here is no free-standing constitutional tort of malicious prosecution … .") (internal quotation marks omitted). To the extent Count 1 is construed to bring a state law malicious prosecution claim, it is time-barred because Spencer filed suit more than one year after the criminal charges against him were dismissed. *See Vaughn v. Chapman*, 662 F. App'x 464, 468 (7th Cir. 2016) ("The statute of limitations for suits against public employees is one year … .") (citing 745 ILCS 10/8-101(a)); *Huon v. Mudge*, 597 F. App'x 868, 878 (7th Cir. 2015) (same); *see also Savory v. Cannon*, 912 F.3d 1030, 1032 (7th Cir. 2019) ("[The plaintiff] also brought [Illinois] state law claims against the defendants but later conceded that those claims were untimely under [Illinois's] one-year statute of limitations."). Because the problems with Spencer's malicious prosecution claim cannot be cured by repleading, the dismissal of that claim is with prejudice. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("[N]othing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which [he] might cure the defects."); *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017) ("We have noted that district courts have broad discretion to deny leave to amend where … amendment would be futile.") (internal quotation marks omitted).

Counts 2 and 4 allege, respectively, that on August 14, 2015, the officers violated the Fourth Amendment by illegally searching and seizing Spencer's vehicle and by using excessive force when arresting him. Doc. 10 at pp. 6-7. The statute of limitations for § 1983 claims brought in Illinois is two years. *See Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) (citing 735 ILCS 5/13-202). The search-and-seizure and excessive force claims accrued on August 14, 2015. *See ibid.* (explaining in the context of a vehicle search that "a Fourth Amendment claim accrues at the time of the search or seizure"); *Evans v. Pokson*, 603 F.3d 362, 363 (7th Cir. 2010) (noting that "a claim asserting that a search or seizure violated the fourth amendment—and excessive force during an arrest is such a claim—accrues immediately") (citation omitted). Those claims are time-barred because Spencer did not bring them until over two years after they accrued. Because the flaw in these claims cannot be cured by repleading, their dismissal is with prejudice. *See Haywood*, 887 F.3d at 335; *Mulvania*, 850 F.3d at 855 .

Count 3 alleges that Spencer was unlawfully detained and jailed after his arrest. Doc. 10 at 6. This claim arises under the Fourth Amendment. *See Mitchell v. City of Elgin*, 912 F.3d 1012, 1013 (7th Cir. 2019) (explaining that "pretrial detention without probable cause is actionable under 42 U.S.C. § 1983 as a violation of the Fourth Amendment"). If the claim accrued after Spencer was released from jail hours after his August 14, 2015 arrest, it is untimely for the same reasons as Counts 2 and 4. But if the claim accrued when the criminal charges against Spencer were dismissed on January 25, 2016, it is timely. The Supreme Court has granted certiorari in *McDonough v. Smith*, No. 18-485, 2019 WL 166879 (U.S. Jan. 11, 2019) (set for argument April 17, 2019), and its opinion in that case may answer the accrual question. Because the Court will issue its opinion by late June, it would be most efficient to stay this case

3

pending the Court's resolution of *McDonough* and deny Defendants' motion to dismiss Count 3 without prejudice to renewal after *McDonough* is decided.

In sum, Counts 1, 2, and 4 are dismissed with prejudice. Count 3 survives for now, though Defendants may renew their motion to dismiss it after the Supreme Court decides *McDonough*.

March 1, 2019

_____
United States District Judge