UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY SPENCER, | ) | |
| | ) | Case No. 18 CV 00528 |
| Plaintiff, | ) | |
| | ) | Honorable Gary Feinerman |
| v. | ) | |
| | ) | |
| VILLAGE OF ARLINGTON HEIGHTS, et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## VILLAGE DEFENDANTS' RENEWED MOTION TO DISMISS *PRO SE* PLAINTIFF'S COMPLAINT

Defendants Village of Arlington Heights, Village of Arlington Heights Police Department, Joseph Pinnello, Andrew Flentge, Patrick Chojnowski, and Piotr Gacek ("Village Defendants"), by their attorneys, The Sotos Law Firm, P.C., move this Honorable Court pursuant to FED. R. CIV. P. 12(b)(6) to dismiss *Pro Se* Plaintiff Michael Spencer's Complaint with prejudice and state:

## BACKGROUND

Plaintiff filed his Complaint on January 23, 2018 alleging claims of malicious prosecution (Count I), illegal search and seizure (Count II), unlawful pretrial detention (Count III), and excessive force (Count IV). (Ex. A.) On December 19, 2018, Village Defendants moved to dismiss all claims on statute of limitations grounds. (Dkt. 20.) On March 1, 2019, this Court dismissed with prejudice Counts I, II, and IV but stayed a decision on Plaintiff's Count III pretrial detention claim. (Dkt. 28, p. 3.) Defendants originally moved to dismiss Count III because he was released from jail on August 15, 2015 but did not file his complaint until January 23, 2018, almost six months after the two year statute of limitations period on a pretrial detention claim. Plaintiff argued that Count III was timely because his claim accrued on January 25, 2016,

when the criminal charge against him was dismissed. (Dkt. 22, p. 1.) At the time of this Court's March 1, 2019 opinion on Village Defendants' motion to dismiss, the Supreme Court had granted certiorari in *McDonough v. Smith*, 139 S. Ct. 2149, 2154 (2019) and this Court stayed the decision on Count III in order to determine whether *McDonough* may answer the question as to when the accrual period runs on an unlawful detention claim under the 4th Amendment. (Dkt. 28, p. 3.)

On June 20, 2019, the Supreme Court issued its decision in *McDonough*. While Village Defendants also believed *McDonough* would provide further guidance on the accrual date of unlawful pretrial detention claims, the Supreme Court only examined a separate and narrow issue: Whether a due process fabrication of evidence claim accrued when the evidence was first used in plaintiff's criminal case, or later, when he was acquitted. *McDonough*, 139 S. Ct. at 2154-55. And throughout the opinion, *McDonough* emphasized that it was only addressing the accrual rule for that distinct issue. *See Id.* at 2155 n.2, 2160 n.10 (declining to address accrual rules for claims that are not before the Court). But since the original briefing on the motion to dismiss, the Seventh Circuit has firmly held that an unlawful pretrial detention under the 4th Amendment accrues on the date Plaintiff was released from custody. *Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019). As such, Village Defendants bring forth this renewed motion to dismiss, respectfully requesting that Plaintiff's pretrial detention claim (Count III) be dismissed as untimely because Plaintiff failed to file his complaint within two years from his August 15, 2015 release from custody.

## LEGAL STANDARD

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests whether a Plaintiff has "state[d] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleadings "allow[ ] the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). But the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim[.]" *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). And, "dismissal is appropriate where a plaintiff pleads itself out of court by establishing that a defendant is entitled to a statute of limitations defense." *Burbach Aquatics, Inc. v. City of Elgin, Ill.,* No. 08 CV 4061, 2009 WL 1940787, at *2 (N.D. Ill. July 7, 2009).

**ARGUMENT**

### I. Plaintiff's Pretrial Detention Claim (Count III) Is Barred By The Two-Year Statute of Limitations.

Plaintiff's pretrial detention claim (Count III) based on the 4th Amendment is barred by Illinois' two-year statute of limitations. Plaintiff was arrested at approximately 5:22 pm on August 14, 2015. (Ex. A, at p. 5.) Plaintiff was detained until 12:30 am on August 15, 2015 (for a total of approximately 7 hours), whereupon he bonded out and was released. (*Id.*) On January 25, 2016, the criminal charge against Plaintiff was dismissed "due to the prosecution failing to produce any witnesses or evidence." (*Id.* at p. 6.) Plaintiff had two years from his August 15, 2015 release in order to file his 4th amendment pretrial detention claim. As Plaintiff filed his complaint on January 23, 2018 (*Id.* at p. 1), his claim for pretrial detention (Count III) is necessarily time barred as it's almost 6 months past the statute of limitations period.

The statute of limitations for § 1983 actions is governed by state law. *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019) ("[W]e look to the law of the state in which the personal injury occurred to determine the length of the statute of limitations."). The statute of limitations period for claims under 42 U.S.C. § 1983 is two years, borrowed from the Illinois statute on personal injury actions as set forth in 435 ILCS 5/13-202. *Ashafa v. City of Chicago, et*

*al.*, 146 F.3d 459, 461 (7th Cir. 1998), *see also Lucien v. Jockisch,* 133 F.3d 464, 466 (7th Cir. 1998). But federal law determines when the claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Section 1983 claims 'accrue when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993); *see also Diaz v. Shallbetter*, 984 F.2d 850, 855 (7th Cir. 1993) ("*every* constitutional tort actionable under § 1983 is treated as a personal injury, with the claim accruing when the injury is inflicted." (emphasis in original)). To determine the accrual date, the injury must be identified. *Hileman*, 367 F.3d at 696. Only then can the date on which Plaintiff could have sued for that injury be identified. *Id.* "That date should coincide with the date the plaintiff 'knows or should have known' that his rights were violated." *Kelly,* 4 F.3d at 511.

In *Manuel v. City of Joliet* (*Manuel I*) the Supreme Court held that "the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process." 137 S. Ct. 911, 920 (2017). The Seventh Circuit subsequently explained that "[b]ecause the wrong is the detention rather than the existence of criminal charges, the period of limitations also should depend on the dates of the detention." *Manuel v. City of Joliet* (*Manuel II*), 903 F.3d 667, 670 (2018) *(Manual II).* In *Manual II*, the Court stated: "The problem is the wrongful custody. There is no such thing as a constitutional right not to be prosecuted without probable cause. But there is a constitutional right not to be held in custody without probable cause." *Id*. Accordingly, the Seventh Circuit held in *Manual II* that the plaintiff's pretrial detention claim accrued on the date he was released from custody and specifically rejected the argument that a pretrial detention claim is analogous to common law malicious prosecution such that it accrues only when the plaintiff has prevailed in the criminal case. *Id*. In *Lewis*, the Seventh Circuit affirmed this approach in analyzing a Fourth Amendment pretrial detention claim stating: "that a Fourth

Amendment claim for wrongful pretrial detention accrues when the detention ceases. Two considerations supported this conclusion. First, because the constitutional violation is 'ongoing' rather than 'discrete,' the claim accrues when the ongoing violation ends.  Second, 'a claim cannot accrue until the would-be plaintiff is entitled to sue, yet the existence of detention forbids a suit for damages contesting that detention's validity.'" 914 F.3d  at 478. (internal citations removed). As a result, Plaintiff's pretrial detention claim is time barred because he failed to file suit on such a claim within two years from his release from jail on August 15, 2015. *See also NEHEMIAH MAYO & DAKOTA BURT, Plaintiffs v. LASALLE COUNTY, BRIAN TOWNE, & Unknown State's Attorney Felony Enf't Unit Officers, Defendants*., 2019 WL 3202809, at *4 (N.D. Ill. July 15, 2019) (dismissal of plaintiff's unlawful pretrial detention claim on statute of limitations grounds and holding that a fourth amendment claim "accrues when the wrongful detention ends, even if the prosecution continues.")

## CONCLUSION

For the foregoing reasons, *Pro Se* Plaintiff Michael Spencer's Complaint should be dismissed in its entirety, with prejudice, costs, and for such further relief as this Honorable Court deems just and equitable.

Date: July 25, 2019                                Respectfully submitted,

                                                   /s/ Jeffrey R. Kivetz
James G. Sotos                                     JEFFREY R. KIVETZ, Atty No. 06308250
Jeffrey R. Kivetz                                  *One of the Attorneys for Village Defendants*
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
(630) 735-3300
jkivetz@jsotoslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that I electronically filed the foregoing **Village Defendants' Renewed Motion to Dismiss *Pro Se* Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record on the below Service List on **Thursday, July 25, 2019**.

***Plaintiff Pro Se:***

Michael Anthony Spencer
868 Sioux Dr
Elgin, IL 60120
847-660-8538
iamdivinedragon@yahoo.com

/s/ Jeffrey R. Kivetz
JEFFREY R. KIVETZ, Atty. No. 6308250
*One of the Attorneys for Village Defendants*