# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY SPENCER ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18-cv-00528 |
| v. ) | |
| ) | Judge Martha M. Pacold |
| VILLAGE OF ARLINGTON ) | |
| HEIGHTS, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Michael Anthony Spencer filed a complaint against Defendants Village of Arlington Heights, Village of Arlington Heights Police Department, Joseph Pinnello, Andrew Flentge, Patrick Chojnowski, and Piotr Gacek, bringing claims arising out of his arrest and pretrial detention in 2015. (Dkt. 10.) Defendants now move to dismiss Count 3 of the complaint. (Dkt. 36.) For the following reasons, the motion is denied.

## BACKGROUND

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The complaint, filed *pro se*, alleges as follows: On August 14, 2015, Arlington Heights police officers arrested Spencer at a hotel for soliciting prostitution from undercover police officers. (Compl., Dkt. 10, at 5–6 (ECF page numbers).) Spencer was "assaulted," "tackled," and "pinned down" by the arresting officers, Detectives Flentge and Chojnowski. (*Id.*) Following the arrest, Detective Flentge, with approval from Sergeant Pinnello, filed an official complaint in the Circuit Court of Cook County, under oath; Spencer alleges that the complaint was false and based on perjury. (*Id.* at 6.) Spencer was detained for approximately seven hours and released upon payment of a $150 bond shortly after midnight on August 15, 2015. (*Id.*) On January 25, 2016, the criminal charges against Spencer were dismissed at trial due to the prosecution failing to produce any witnesses or evidence. (*Id.* at 7.)

On January 23, 2018, Spencer filed a complaint against Defendants Village of Arlington Heights, Village of Arlington Heights Police Department, Joseph Pinnello, Andrew Flentge, Patrick Chojnowski, and Piotr Gacek, alleging malicious prosecution (Count 1), illegal search and seizure (Count 2), unlawful pretrial detention (Count 3), and excessive force (Count 4). (Dkt. 10.)

Defendants moved to dismiss the complaint. (Dkt. 20.) The court granted Defendants' motion in part and denied it in part. (Dkts. 27, 28.) The court held that Counts 1, 2, and 4 were untimely and dismissed those counts with prejudice. (Dkt. 28.)

For Count 3, the court noted that, "i[f] the claim accrued after Spencer was released from jail hours after his August 14, 2015 arrest, it [would be] untimely," but "if the claim accrued when the criminal charges against Spencer were dismissed on January 25, 2016, it [would be] timely." (*Id.* at 3.) The court further noted that the Supreme Court had granted certiorari in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), and resolution of that case might answer the accrual question. (*Id.*) Accordingly, the court stayed Spencer's case pending the Supreme Court's resolution of *McDonough* and denied Defendants' motion to dismiss Count 3 without prejudice to renewal. (*Id.* at 3–4.) After the Supreme Court decided *McDonough*, Defendants again moved to dismiss Count 3. (Dkt. 30.) The court denied Defendants' motion without prejudice to renewal, directing them to address footnote 4 of *McDonough*. (Dkt. 32.) The case was reassigned to this judge. (Dkt. 33.) Defendants now move to dismiss the complaint as untimely. (Dkt. 36.) In his response to the motion to dismiss, filed *pro se*, Spencer seeks to add kidnapping and false imprisonment claims to the complaint. (Dkt. 41.)

## ANALYSIS

"[F]or § 1983 claims, federal courts borrow the limitations period applicable to personal-injury claims under state law . . . ." *Sanders v. St. Joseph Cty., Indiana*, 806 F. App'x 481, 483 (7th Cir. 2020). The statute of limitations for § 1983 claims arising in Illinois is two years. *See Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) (citing 735 ILCS 5/13-202). However, the "accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). Instead, accrual dates are "governed by federal rules conforming in general to common-law tort principles." *Id.* "Under those principles, it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action." *Id.* (citations, quotation marks, and brackets omitted).

Defendants argue that Spencer's only remaining claim, Count 3, is barred by the applicable statute of limitations. (Dkt. 36.) Count 3 is a claim for unlawful

pretrial detention based on the Fourth Amendment.[1] Spencer filed the complaint on January 23, 2018. (Dkt. 1.) If Spencer's claim accrued upon his release from jail on August 15, 2015, the claim is untimely. (*See* Dkt. 28 at 3.) If Spencer's claim accrued when the criminal charges were dismissed on January 25, 2016, the claim is timely. (*Id.*)

Defendants appropriately cited authority that existed when they filed their briefs, but since then the Seventh Circuit and district courts in this district have issued additional decisions in this area. After *McDonough*, the Seventh Circuit stated, in the context of a claim for unlawful pretrial detention, that the plaintiff's "claim of unlawful detention accrued, at the earliest, when he was released from jail." *Sanders*, 806 F. App'x at 484 (citing *Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 670 (7th Cir. 2018), and *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018)). The Seventh Circuit further explained: "If, however, a conclusion that Sanders's confinement was unconstitutional would imply the invalidity of an ongoing criminal proceeding or a prior criminal conviction, then *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] would continue to bar Sanders's claim after his release and until either those proceedings terminated in his favor or the conviction was vacated." *Sanders*, 806 F. App'x at 484 n.2 (citing *McDonough*, 139 S. Ct. 2149, and *Savory v. Cannon*, 947 F.3d 409, 414 (7th Cir. 2020) (*en banc*)); *see also Culp v. Flores*, No. 17-cv-00252, 2020 WL 1874075, at *3 (N.D. Ill. Apr. 15, 2020) ("Because, given the nature of his Fourth Amendment claim, a finding that Culp's detention in jail was unconstitutional would imply the invalidity of the charges brought against him, *Heck* barred that claim until those charges were dismissed."); *Barnett v. City of Chicago*, No. 18-cv-07946, 2020 WL 4336063, at *3 (N.D. Ill. July 28, 2020); *Hill v. City of Chicago*, No. 19-cv-06080, 2020 WL 4226672, at *2 (N.D. Ill. July 23, 2020); *Moore v. City of Chicago*, No. 19-cv-03902, 2020 WL 3077565, at *4 (N.D. Ill. June 10, 2020); *Hill v. Cook Cty.*, No. 18-cv-08228, 2020 WL 2836773, at *10–11 (N.D. Ill. May 31, 2020).

Applying those principles, the question is whether Spencer's claim would imply the invalidity of the criminal proceedings. Spencer's claim is premised on his allegations that he committed no crime. (Compl., Dkt. 10, at 5–7.) *See Culp*, 2020 WL 1874075, at *2. Spencer alleges that the defendant officers filed a false complaint under oath and committed perjury. (Compl., Dkt. 10, at 5–6.) Spencer

---

[1] As the prior judge explained:

> Count 3 alleges that Spencer was unlawfully detained and jailed after his arrest. Doc. 10 at 6. This claim arises under the Fourth Amendment. *See Mitchell v. City of Elgin*, 912 F.3d 1012, 1013 (7th Cir. 2019) (explaining that "pretrial detention without probable cause is actionable under 42 U.S.C. § 1983 as a violation of the Fourth Amendment").

(Dkt. 28 at 3.)

3

alleges that, as a result of the complaint, "he was illegally detained and jailed." (*Id.* at 6.) If successful, the claim would imply the invalidity of the criminal proceedings. *See Sanders*, 806 F. App'x at 484 n.2; *Culp*, 2020 WL 1874075, at *2-3. Thus, Spencer's claim did not accrue until the proceedings terminated in his favor, in other words, until the charges were dismissed on January 25, 2016. *Id.* Spencer filed the claim on January 23, 2018, within the two-year statute of limitations.

Finally, Spencer's response seeks to amend his complaint by adding state law kidnapping and false imprisonment claims. (Dkt. 41.) However, a plaintiff may not amend his or her complaint in a response brief. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011); *Coleman v. McHale*, No. 17-cv-02864, 2019 WL 1762904, at *1 (N.D. Ill. Apr. 22, 2019) ("[A]lthough the Court will expansively interpret *pro se* filings, [plaintiff] may not add new claims through his response brief."). The court has considered allowing leave to amend. "[D]istrict courts have broad discretion to deny leave to amend . . . where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 855 (7th Cir. 2017) (citation and internal quotation marks omitted). Here, amendment would be futile for the two reasons Defendants explain in the reply. (Dkt. 42 at 2-3.) First, the Illinois Criminal Code provisions that Spencer cites do not apply to any state tort claims he may seek to raise. Second, any state tort claims are barred by the one-year statute of limitations. *See* Dkt. 28 at 2 (citing cases, including *Vaughn v. Chapman*, 662 F. App'x 464, 468 (7th Cir. 2016) ("The statute of limitations for suits against public employees is one year . . . .") (citing 745 ILCS 10/8–101(a)). Even if the limitations period ran from the dismissal of the charges on January 25, 2016, the complaint was filed on January 23, 2018, more than one year later. Thus, the court declines to allow leave to amend.

## CONCLUSION

The motion to dismiss Count 3 (Dkt. 36) is denied.

Date: July 30, 2020                                    /s/ Martha M. Pacold